Vincent A. Lupiano, J.
Plaintiff and the defendant A. F. M. move by separate motions for summary judgment dismissing the second counterclaim contained in the answer of the remaining defendants and any cause of action therein for coercion and duress. Involved here is the television restriction clause contained in the several agreements in issue. All parties are desirous of obtaining a judgment declaring upon the validity and enforcibility of those agreements. The plaintiff trustee by his action has invited a judgment of declaration, and he is a proper party to the second counterclaim or upon any cause contained in the answer and based upon coercion and duress.
It may be assumed for the purpose of these motions that the documentary proof relied on shows clearly the absence of coercion and duress and, on the contrary, voluntary agreement in principle on all sidos upon the adoption of a television restriction clause. This, however, is not conclusive or decisive. It is not so much on what these documents show as fact that *104 movants rely, but rather upon the legal proposition that coercion and duress may not be the postulate of business necessity. Of the latter, nothing whatever appears in the documents either way. It is brought into the picture by the opposition, and from that point argued by the movants as a matter of law. The complex of economics, organization and bargaining power here involved is, indeed, intricate and subtle. Further investigation and assessment are indispensable before determination whether, in the very nature of the constitution of these giants, it was understood beforehand that no negotiation or agreement could be had unless agreement in principle was first reached that there would be a television restriction clause and whether, under the circumstances here, the general rule relating to business necessity must be applied in support of the agreements. If such compulsion existed and is found wrongful, it would seem to have continued throughout, and this late assertion of claim is not necessarily fatal.
That the issue exists and should be inquired into, is made manifest by the ‘1 last word” spoken on behalf of the defendant A. F. M., as contained in the October 8, 1958 affidavit of James C. Petrillo. There is conflict upon the time when, and place where, the clause was conceived and the true and full part it played in the presentment of proposals for agreement and in the negotiations. The effect of the clause upon defendants’ vast property, and their ability to do any business at all in the future, ought not to be left to determination on these affidavits.
The motions are denied.